**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4944**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

ANTHONY BYRON PRIDGEN, a/k/a Big Ant,

              Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (4:01-cr-00627-CWH-6; 4:06-cv-00166-CWH)

Submitted:  March 10, 2010              Decided:  May 6, 2010

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

D. Craig Brown, Florence, South Carolina, for Appellant.  Marvin
Jennings Caughman, Assistant United States Attorney, Columbia,
South Carolina, Rose Mary Sheppard Parham, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Byron Pridgen appeals the district court's amended judgment reducing his prison sentence from 292 months to 240 months after ordering that he be resentenced in his 28 U.S.C. § 2255 (2006) proceeding. Pridgen's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court complied with 18 U.S.C. § 3553(a) (2006) when it resentenced Pridgen to 240 months. Pridgen has filed a pro se supplemental brief raising the issue of whether the district court erred or abused its discretion when it refused to entertain his motion under § 2255 and instead granted him a resentencing under United States v. Booker, 543 U.S. 220 (2005). We dismiss this appeal in part, and we affirm the district court's judgment.

We review Pridgen's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

At Pridgen's original sentencing, the district court sentenced him at the low end of his guideline range to 292 months in prison. At resentencing, the district court reduced his sentence to the statutory mandatory minimum term of 240 months. In explaining its sentence, the district court reviewed the § 3553(a) factors and noted that the court considered the guideline range as advisory and looked to the § 3553(a) factors in imposing the sentence. The court further explained that Booker did not remove the statutory mandatory minimum, and that the court had no discretion to sentence him below that minimum.

Pridgen's attorney contends that if the district court had given greater deference to the § 3553(a) factors, Pridgen would have received a lower sentence. We find this argument without merit. The district court had no discretion to sentence Pridgen below the statutory mandatory minimum, see United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), and his sentence to the statutory mandatory minimum is per se reasonable. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).

In his pro se supplemental brief, Pridgen questions whether the district court erred or abused its discretion when it refused to entertain his § 2255 motion and instead granted him a Booker resentencing. The district court ordered the resentencing based on Pridgen's allegation and the Government's

3

concession that his appellate attorney may have been ineffective in not filing a timely petition for certiorari, and he was prejudiced as a result. The district court dismissed Pridgen's remaining claims without prejudice to him raising them in another § 2255 motion after his sentence was final following direct review on his resentencing.

To the extent that Pridgen challenges the propriety of the district court's § 2255 relief on his ineffective assistance claim pertaining to the untimely petition for certiorari, we find no abuse of discretion by the district court. See United States v. Hadden, 475 F.3d 652, 666 (4th Cir. 2007). To the extent that he seeks to appeal the district court's decision to dismiss his remaining claims without prejudice, we have reviewed the record and conclude that he has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c) (2006). Accordingly, we deny a certificate of appealability and dismiss this part of Pridgen's appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss this appeal in part and affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;<br>
AFFIRMED IN PART